No. 7802.

## T. O. MEAUX vs. W. B. PITTMAN.

Application to remove a cause to the Circuit Court of the United States comes too late after judgment, hence an application to remove a petition for seizure and sale after the rendition of the decree for the issuance of executory process should be refused.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J.

J. C. Seale for plaintiff and appellant :

This is a suit by executory process, issued by the Thirteenth District Court, parish of Madison.

Defendant obtained from the same court an order removing the cause to the Circuit Court of the United States.

From this order the plaintiff has appealed and filed an assignment of errors :

First. That the case is not transferable under any of the acts of Congress, being an *action in rem*, and no issue raised by the defendant upon which the court can act and pass judgment.

Second. That the affidavit was made by defendant's counsel without stating any reason why it was not made by the defendant himself.

Third. That the attorney cannot make the affidavit.

E. D. Farrar and J. W. Montgomery for defendant and appellee.

---

The opinion of the court was delivered by

WHITE, J. The plaintiff, on an act importing confession of judgment obtained a decree for the issuance of executory process. The defendant applied to remove to the Circuit Court of the United States, which being allowed, the plaintiff appeals. The only question presented for consideration is, can a defendant in executory proceedings, after the rendition of the decree, remove the cause, when no issue exists on

the subject, and when the prayer of the petition has been granted by the rendition of the judgment? Upon this question we are clear that the case is with the plaintiff; for whether or not the order for executory process, or rather the application for its rendition, was a suit within the intendment of the act of Congress, need not be considered, for even if it be conceded that it was, there can be no doubt that the decree for the issuance of the executory process was a final judgment, exhausting the power of the court *quoad* the application, and leaving nothing to be decided, and no contest or issue between the parties. 2 An. 491; 3 An. 253; 13 An. 256.

Viewed in this light the application was to remove *after judgment*, or in other words to remove the judgment, and was not allowable. See Dillon on Removal of Causes, section 13, page 53, and numerous authorities there cited. The judgment below allowing the removal is reversed at the cost of the defendant.